**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **CALEB EKAPMANDEM AIYUK**, | Case No. 3:25-cv-01160-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| **GENOA HEALTHCARE, LLC**, a subsidiary of UnitedHealth Group Inc., | |
| Defendant. | |

Caleb Ekapmandem Aiyuk, Portland, OR 97206. Pro se.

Daniel O. Culicover, Seyfarth Shaw LLP, 999 Third Avenue, Suite 4700, Seattle, WA 98104. Attorney for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant Genoa Healthcare, LLC's motion to dismiss Plaintiff

Caleb Ekapmandem Aiyuk's disparate treatment and retaliation claims under Title VII of the

Civil Rights Act of 1964. Motion to Dismiss ("Motion"), ECF 15; *see* Third Amended

Complaint ("TAC"), ECF 11. Defendant asks this Court to dismiss Plaintiff's TAC because

Plaintiff does not provide sufficient facts for this Court to plausibly infer that Plaintiff

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO DISMISS

experienced disparate treatment and retaliation based on his race and national origin. *See generally* Motion, ECF 15. Defendant has also asked this Court to take judicial notice of the Charge of Discrimination Form ("EEOC Charge") by the Equal Employment Opportunity Commission, dated June 17, 2025. *See Id.* at 2 & n.2; Declaration of Daniel Culicover ("Culicover Decl."), Ex. 1, ECF 16 at 5–8. This Court GRANTS IN PART AND DENIES IN PART Defendant's request for judicial notice. This Court takes judicial notice of the date of filing of the EEOC Charge, but this Court does not take judicial notice of Plaintiff's allegations contained in the EEOC Charge.

This Court concludes that Plaintiff does not state a claim upon which relief can be granted, and therefore, Defendant's Motion to Dismiss, ECF 15, is GRANTED. Because this Court has already given Plaintiff multiple opportunities to amend his complaint and allowing further amendment of the TAC would be futile, Plaintiff's TAC is DISMISSED WITH PREJUDICE.

## BACKGROUND[1]

Plaintiff is a naturalized United States citizen of Cameroonian descent. FAC, ECF 11 ¶ 1. Plaintiff is also a licensed pharmacist in the State of Oregon. *Id.* From approximately August 2024 to April 2025, Defendant Genoa Healthcare, LLC employed Plaintiff as a pharmacist. *Id.* During Plaintiff's employment, Plaintiff alleges that Defendant repeatedly changed Plaintiff's residential address without his authorization. *Id.* These unauthorized address changes "caused payroll confusion" and "delayed unemployment processing." *Id.* Defendant also misclassified

---

[1] In evaluating the sufficiency of a complaint's factual allegations, this Court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l. Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).

Plaintiff as an H-1B visa employee, although Plaintiff is a naturalized U.S. citizen. *Id.* ¶ 2. Although Defendant subsequently corrected this H-1B visa classification, Plaintiff alleges that he was perceived as an employee in "temporary" or "restricted" status. *Id.*

Plaintiff further alleges that on September 24, 2024, Plaintiff's fellow co-workers and pharmacists, Jill Snyder, Annette VifQuain, and Adrian Contreras, engaged in remote dispensing of pharmaceuticals without approval. *Id.* ¶ 3. Ms. Snyder, Ms. VifQuain, and Mr. Contreras are all non-black pharmacists. *Id.* ¶ 11. Defendant did not discipline Ms. Snyder and Ms. VifQuain until Plaintiff filed both an HR complaint and a legal complaint. *Id.* ¶ 3. Mr. Contreras likewise performed "remote tasks" without Plaintiff's knowledge. *Id.* However, "Plaintiff was written up for tardiness, including minor delays caused by Genoa's clock-in system and situational travel conditions." *Id.*

In September 2024, Defendant did not honor a contractual sign-on bonus to Plaintiff's significant other. *Id.* ¶ 5. Plaintiff's significant other resigned. *Id.* On November 5, 2024, Defendant's regional trainer conducted a surprise controlled substance audit while Plaintiff was working in Coos Bay, Oregon. *Id.* ¶ 7. On November 6, 2024, Plaintiff reported security system errors to his manager, Andrew Peil. *Id.* Plaintiff discovered that he was accused of engaging in controlled-substance diversion, sexual misconduct, and being "unhygienic." *Id.* ¶¶ 7, 9, 12. Plaintiff believes Mr. Piel, Mr. Contreras, and other employees of Defendant "fabricated claims" that Plaintiff engaged in a controlled-substance diversion, sexual misconduct, and tolerated rumors about Plaintiff's "non-existent health condition." *Id.* ¶ 9.

On November 22, 2024, Plaintiff emailed his supervisor and other employees of Defendant about the "controlled substances discrepancies, staff hostility, and unsafe pharmacy practices." *Id.* ¶ 8. On November 27, 2024, Plaintiff documented the staff hostility and shortages

in a 46-minute video and reported it to management. *Id.* Plaintiff alleges that he was denied overtime until January 2025 when HR became involved and Defendant retrospectively compensated Plaintiff. *Id.* ¶ 10.

On April 1, 2025, Plaintiff was escorted out of the workplace "and denied clarity about his health insurance*." Id.* ¶ 11. Plaintiff was paid through April 9, 2025. *Id.*

**PROCEDURAL HISTORY**

Plaintiff filed an initial complaint on July 3, 2025, alleging discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act. *See* Complaint, ECF 2 at 6–7. Plaintiff also alleged a violation of 42 U.S.C. § 1981 for racial discrimination in the making and enforcement of a contract. *Id.* at 7–8. This Court dismissed Plaintiff's complaint in full with leave to amend on July 9, 2025. Order Screening Complaint, ECF 5. Plaintiff then filed a First Amended Complaint ("FAC") on July 21, 2025, raising the same claims raised in his original complaint. *See* FAC, ECF 6 at 9–11. This Court dismissed the FAC with leave to amend on August 13, 2025. Order Screening Amended Complaint, ECF 9. Plaintiff filed a Second Amended Complaint ("SAC"), ECF 10, and a Third Amended Complaint, ECF 11, on August 19, 2025, and August 20, 2025, respectively. Plaintiff brings claims for hostile work environment, disparate treatment, and retaliation based on Plaintiff's race and national origin under Title VII of the Civil Rights Act. TAC, ECF 11 at 9–12. This Court dismissed Plaintiff's claim for hostile work environment but allowed Plaintiff's claims for disparate treatment and retaliation to proceed, finding Plaintiff alleged "just enough to nudge" his claims past screening. Order Screening Third Amended Complaint, ECF 12 at 4, 8.

Defendant timely moved to dismiss Plaintiff's TAC under Federal Rule of Civil Procedure 12(b)(6). Motion, ECF 15. Defendant also asked this Court to take judicial notice of

PAGE 4 – OPINION AND ORDER GRANTING MOTION TO DISMISS

an EEOC Charge of Discrimination. *Id.* at 2–3 n.2. Plaintiff filed a response in opposition ("Response"), ECF 19, to which Defendant replied ("Reply"), ECF 22.

**LEGAL STANDARDS**

Plaintiff is self-represented, so this Court will construe his pleadings liberally and afford him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may not, however, supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471–72 (9th Cir. 1992) (per curiam). Self-represented plaintiffs are given leave to amend a complaint unless amending the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2

PAGE 5 – OPINION AND ORDER GRANTING MOTION TO DISMISS

(9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

## DISCUSSION

First, this Court addresses Defendant's request for judicial notice. Second, this Court addresses Defendant's arguments that the TAC fails to state a claim upon which relief can be granted. Finally, this Court addresses whether Plaintiff's TAC should be dismissed with prejudice and concludes that any amendment would be futile.

### A. Request for Judicial Notice

In support of Defendant's Motion to Dismiss, Defendant requests that this Court take judicial notice of Plaintiff's EEOC Charge of Discrimination. Motion, ECF 15 at 2–3 n.2. Plaintiff opposes Defendant's request for judicial notice. Response, ECF 19 at 1–2.

Federal Rule of Evidence 201 allows for courts to take judicial notice of facts "not subject to reasonable dispute." Fed. R. Ev. 201(b). Federal courts may take judicial notice of "records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (citation modified). However, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Defendant requests judicial notice of Plaintiff's EEOC Charge of Discrimination. Culicover Decl., Ex. 1, ECF 16 at 5–8. To the extent Defendant requests judicial notice of the date Plaintiff filed the EEOC Charge, June 17, 2025, this fact is properly subject to judicial notice as a record of an administrative body, the EEOC, which is not subject to dispute. *14.02 Acres of Land*, 547 F.3d at 955; Culicover Decl., Ex. 1, ECF 16 at 7; *see* Motion, ECF 15 at 4 (noting that Plaintiff's EEOC Charge filed on June 17, 2025 "came months *after* he alleges he stopped working for Genoa in April 2025" (emphasis in original) (citing TAC, ECF 11 ¶ 1)).

PAGE 6 – OPINION AND ORDER GRANTING MOTION TO DISMISS

However, to the extent Defendant requests judicial notice of Plaintiff's allegations in the EEOC Charge, in particular Plaintiff's statement he "felt [he] had no option but to resign, in or around March 2025," this Court denies Defendant's request for judicial notice. Culicover Decl., Ex. 1, ECF 16 at 5. Defendant interprets this statement as an admission that Plaintiff "voluntarily resigned from Genoa." Motion, ECF 15 at 7. But this statement is not appropriate for judicial notice because it is "subject to varying interpretations, and there is a reasonable dispute as to what the [statement] establishes." *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). And in any event, Defendant's argument fails to consider that drawing all inferences in Plaintiff's favor, the statement merely reflects an allegation that Plaintiff was constructively discharged. *See Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir. 1984) ("To determine whether [plaintiff] was constructively discharged on the basis of his race, we must find that a reasonable person in his position would have felt that he was forced to quit because of intolerable and discriminatory working conditions.").

This Court therefore takes judicial notice of the date of filing of Plaintiff's EEOC Charge but not of the allegations contained in the Charge. *See* Culicover Decl., Ex. 1, ECF 16 at 5–8.

## B. Disparate Treatment Claim

This Court grants Defendant's motion to dismiss Plaintiff's disparate treatment claim under Title VII of the Civil Rights Act because Plaintiff does not sufficiently allege that he experienced disparate treatment based on his race or national origin. The elements of a prima facie case for disparate treatment are: (1) the plaintiff belongs to a protected class; (2) he was qualified for the position and performing his job satisfactorily; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or "other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir.

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO DISMISS

2010) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). A plaintiff is not required to plead a prima facie case of employment discrimination at the pleading stage, but is required to plead "sufficient, nonconclusory allegations plausibly linking the [adverse] action to discrimination on the basis of [a protected class]." *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019).

Here, Plaintiff is a naturalized U.S. citizen of Cameroonian descent. TAC, ECF 11 ¶ 1. Plaintiff also identifies as a black man. *Id.* He is therefore a member of protected classes based on his race and national origin. *See* 42 U.S.C. § 2000e-2(a). Plaintiff is also a licensed pharmacist in the State of Oregon and is therefore qualified for the job. TAC, ECF 11 ¶ 1. In August 2024, he was hired as a pharmacist by Defendant. *Id.*

To determine whether Plaintiff was subject to an adverse employment action, the action must be one that "materially affects the compensation, terms, conditions, or privileges of employment." *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008)). First, Plaintiff alleges that he was denied overtime compensation but was subsequently compensated after HR intervened. TAC, ECF 11 ¶ 10. Even if Plaintiff was denied compensation, Plaintiff does not allege that he was deprived of compensation based on his race or national origin. *See Campbell*, 892 F.3d at 1016. Second, Plaintiff alleges that Defendant mishandled Plaintiff's personnel and employment records by repeatedly changing Plaintiff's residential address without authorization, which caused payroll confusion, delayed unemployment processing, and created the false appearance of instability. TAC, ECF 11 ¶ 1. However, Plaintiff does not include sufficient facts for this Court to plausibly infer there were material impacts on Plaintiff's compensation, terms, conditions, or privileges of employment. *Davis*, 520 F.3d at 1089. Third, Plaintiff further alleges that

PAGE 8 – OPINION AND ORDER GRANTING MOTION TO DISMISS

"[s]imilarly situated employees were not subject to the same disciplinary action" but provides no facts to support this claim. TAC, ECF 11 ¶ 4.

Moreover, Plaintiff must demonstrate that similarly situated individuals outside his protected class were treated more favorably or that there were other circumstances surrounding the adverse employment action that gives rise to an inference of discrimination. *Campbell*, 892 F.3d at 1012. To meet this element, Plaintiff must identify employees who are similarly situated to him in all material respects, which means "they have similar jobs and display similar conduct." *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1125 (9th Cir. 2009) (quoting *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)).

Plaintiff's discrimination claim fails because he does not point to other similarly situated pharmacists who were treated more favorably than him. As to Plaintiff's race-based claim, Plaintiff differentiates between Defendant's treatment of non-black pharmacists, Ms. Snyder, Ms. VifQuain, and Mr. Contreras's treatment after dispensing remotely without authorization and Defendant's punishment of Plaintiff for tardiness. TAC, ECF 11 ¶ 3. However, Ms. Snyder and Ms. VifQuain were ultimately disciplined after Plaintiff complained to Defendant. *Id.* Although Plaintiff points to write-ups for his tardiness, minor delays caused by Defendant's clock-in system, and situational travel conditions, this Court cannot infer that these write-ups were based on Plaintiff's race or national origin, absent allegations of similarly situated employees who were not disciplined for similar conduct. *Id.* For these reasons, this Court dismisses Plaintiff's disparate treatment claim because there are insufficient facts to demonstrate that Defendant discriminated against Plaintiff based on his race or national origin.

### C. Retaliation Claim

Plaintiff next claims that Defendant unlawfully retaliated against Plaintiff in violation of Title VII. TAC, ECF 11 at 11. To state a retaliation claim, Plaintiff must show that he engaged in

PAGE 9 – OPINION AND ORDER GRANTING MOTION TO DISMISS

a protected activity, he suffered a materially adverse action, and there was a causal relationship between the protected activity and materially adverse action. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). An employee engages in protected activity when the employee "opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *Id.*; *see* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII]").

Here, Plaintiff claims that he engaged in multiple protected activities, including (1) reporting medication safety concerns, compliance irregularities, and hostile conduct to management; (2) submitting an HR complaint for disparate treatment and unpaid overtime; and (3) submitting complaints to the EEOC and Board of Pharmacy. TAC, ECF 11 ¶ 10; *id.* at 11. Plaintiff's reporting of medication safety concerns, compliance irregularities, and unpaid overtime are not protected activities under Title VII. This Court also previously dismissed Defendant's hostile work environment claim, *see* Order Screening Third Amended Complaint, ECF 12 at 4–6, finding that "'offhand comments and isolated incidents' generally 'do not constitute a hostile or abusive work environment.'" *Id.* at 5–6 (quoting *Davis*, 520 F.3d at 1095). Given the lack of factual allegations supporting the existence of a hostile work environment, *see id.* at 4–6, Plaintiff could not reasonably believe that he had a cognizable hostile work environment claim. This only leaves Plaintiff's HR complaint for disparate treatment and the EEOC complaint as possible bases of retaliation.[2] This Court addresses each in turn.

---

[2] Plaintiff alleges no facts pertaining to any complaint to the Board of Pharmacy.

Plaintiff alleges that he filed an HR claim for disparate treatment and unpaid overtime. TAC, ECF 11 ¶ 10. As to unpaid overtime, this claim fails as a matter of law because Plaintiff alleges that he "was retrospectively compensated" for his unpaid overtime in January 2025. *Id.* More broadly, Plaintiff does not provide any factual allegations that allow this Court to reasonably infer that his wages were withheld based on his race or national origin.

As to disparate treatment, following Plaintiff's HR complaint, in February 2025, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP") and/or Corrective Action Plan ("CAP"). *Id.* ¶ 8; *id.* at 11. Plaintiff further alleges that Defendant fabricated claims of controlled substance diversion and tolerated rumors that Plaintiff was "unhygienic." ECF 11 ¶¶ 9, 12. However, there are not enough facts for this Court to reasonably infer that these allegations against Plaintiff were motivated on account of Plaintiff's race or national origin.

Regarding the EEOC complaint, Plaintiff did not file his EEOC complaint until June 17, 2025. Culicover Decl., Ex. 1, ECF 16 at 7. Given that Plaintiff stopped working for Defendant around April 2025, Defendant could not have conducted an adverse employment action based on the EEOC Charge. *See* FAC, ECF 11 ¶ 1; Reply, ECF 22 at 8. Put simply, "Plaintiff filed his EEOC Charge after resigning, so it could not have caused any adverse employment action." Reply, ECF 22 at 8. Thus, Plaintiff's retaliation claim fails as a matter of law.

### D. Dismissal With Prejudice

Defendant asks this Court to dismiss this case with prejudice. Motion, ECF 15 at 9–10. Dismissal with prejudice is appropriate when a court determines that the pleading could not possibly be cured by alleging additional facts. *Lopez*, 203 F.3d at 1130–31. Here, this Court has previously given Plaintiff multiple opportunities to amend, and allowing Plaintiff to amend his complaint another time would be futile. *See Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134

PAGE 11 – OPINION AND ORDER GRANTING MOTION TO DISMISS

(9th Cir. 2018) ("[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Sweaney v. Ada*, 119 F.3d 1385, 1393 (9th Cir. 1997))). Therefore, this Court dismisses Plaintiff's Third Amended Complaint, ECF 11, with prejudice.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF 15, is GRANTED, and Plaintiff's Third Amended Complaint, ECF 11, is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED this 9th day of April, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 12 – OPINION AND ORDER GRANTING MOTION TO DISMISS